UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0116 KJM |
| Plaintiff, | |
| v. | ORDER |
| DOMONIC MCCARNS, | |
| Defendant. | |

      Defendant Domonic McCarns is proceeding through counsel with a motion for new trial based on Federal Rule of Criminal Procedure 33. Defendant claims he received constitutionally ineffective assistance of counsel and he requests an evidentiary hearing to explore trial counsel's reasoning "relative to the allegations the defense has leveled" against that counsel. ECF No. 726 at 4. The government opposes the motion and the request for evidentiary hearing, and defendant has filed a reply brief. The court heard oral argument on September 3, 2015. Jan Karowsky and Scott Cameron appeared as counsel for defendant Domonic McCarns. Matthew Morris and Michael Anderson appeared as counsel for plaintiff United States of America.

      This court has the discretion, but is not required, to consider defendant's claim of ineffective assistance of trial counsel on this motion for new trial. *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013). The court also has the discretion to determine whether to conduct an evidentiary hearing on the motion. *Id*. at 898 (decision whether to consider

prejudgment ineffective assistance of counsel claim may turn, in part "upon the scope of the evidentiary hearing that would be required to fully decide the claim."). "The decision to interrupt the prejudgment proceedings to inquire into the merits of an ineffective assistance of counsel claim may depend on, among other things, . . . the existence of evidence already in the record indicating ineffective assistance of counsel, or upon the scope of the evidentiary hearing that would be required to fully decide the claim." *Steele*, 733 F.3d at 898 (*quoting U.S. v. Brown*, 623 F.3d 104, 113 (2nd Cir. 2010)).

In *Steele*, the United States Court of Appeals for the Ninth Circuit held that the district court did not abuse its discretion in declining to consider prejudgment ineffective assistance of counsel claims predicated on seven different "'possible sources'" of ineffectiveness. *Steele*, 733 F.3d at 898. These included failure to "(1) formulate a defense theory; (2) conduct effective cross-examination; (3) make objections; (4) prepare defense witnesses and introduce documentary evidence; (5) move for a mistrial; and (6) make a meaningful closing argument," as well as failure to call an expert witness. *Id.* at 898 & n.4.

The motion before the court is similar to the motion in *Steele*. It is over one hundred pages, raises significant contentions of ineffectiveness by trial counsel, including (1) failure to conduct effective cross-examination of seven witnesses; (2) failure to object to the admission of three key documents;[1] and (3) failure to seek immunity for exculpatory defense witnesses who planned to assert their Fifth Amendment right against self-incrimination. Defendant asserts that the "root cause" of counsel's alleged ineffectiveness was a gross lack of communication with his client. Defendant seeks an evidentiary hearing, arguing that "[t]he Court and counsel need to know what Mr. McCarns' trial counsel's reasoning was relative to the allegations the defense has leveled against him." ECF No. 726 at 4. No evidence of counsel's reasoning is in the current record. Moreover, the evidentiary hearing defendant seeks is principally, if not entirely, to

---

[1] In the motion, defendant contends that counsel stipulated to the admission of these documents and "made no effort whatsoever to prevent their admission, limit their impact, or meaningfully explain their significance." ECF No. 712 at 18. In opposition, the government argues that trial counsel stipulated only to the authenticity of the three documents, and not to their admissibility. ECF No. 724 at 9. In reply, defendant presses primarily counsel's alleged failure to object to admission of the documents or "limit their impact on his client." ECF No. 726 at 5.

1 examine trial counsel on his reasoning and trial tactics. This is the type of record development
2 generally reserved for collateral proceedings. *Cf. United States v. McKenna*, 327 F.3d 830, 845
3 (9th Cir. 2003) (internal citation omitted) (claims of ineffective assistance of counsel "are
4 generally inappropriate on direct appeal" and "'normally should be raised in habeas corpus
5 proceedings, which permit counsel to develop a record as to what counsel did, why it was done,
6 and what, if any, prejudice resulted.'").

7 In order to prevail on his claim of ineffective assistance of counsel, defendant must satisfy
8 the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). "'First, the
9 defendant must show that counsel's performance was deficient. . . . Second, the defendant must
10 show that the deficient performance prejudiced the defense. This requires showing that counsel's
11 errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"
12 *Ben-Sholom v. Ayers*, 674 F.3d 1095, 1100 (9th Cir. 2012) (quoting *Strickland*, 466 U.S. at 687).
13 *Strickland* does not require that the court approach the inquiry in the same order or even [ ]
14 address both components of the inquiry if the defendant makes an insufficient showing on one. In
15 particular, a court need not determine whether counsel's performance was deficient before
16 examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The
17 object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose
18 of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be
19 followed. *Strickland*, 466 U.S. at 697.

20 Defendant's opening brief contains no discrete analysis of the prejudice prong of his
21 ineffective assistance of counsel claim. *See* ECF No. 712, *passim*. In opposition to the motion,
22 the government argues defendant has made "no showing of prejudice" and that he cannot satisfy
23 the prejudice prong of *Strickland*. ECF No. 724 at 33-34. In reply, defendant contends an
24 evidentiary hearing is required to determine defendant's trial counsel's reasoning in connection
25 with the allegations raised in the motion for new trial and he argues that if those allegations "are
26 borne out at an evidentiary hearing" he "will have proven a probability sufficient to undermine
27 confidence in the outcome of this trial and to demonstrate that the result would have been
28 /////

1  different." ECF No. 726 at 8. Defendant also argues that "it was the cumulative nature of all trial
2  counsel's errors . . . that was so prejudicial . . . to warrant a new trial." *Id.* at 21.

3  Defendant's generalized contentions concerning the prejudice prong of his ineffective
4  assistance of counsel claims assume he will provide further briefing following an evidentiary
5  hearing. However, the court need not hold an evidentiary hearing on an ineffective assistance of
6  counsel claim in the absence of an adequate showing of prejudice. *See United States v. Birtle*,
7  792 F.2d 846, 849 (9th Cir. 1986) (no evidentiary hearing required where all factual issues related
8  to performance of counsel and prejudice prong not met). Moreover, as noted above, the
9  evidentiary hearing defendant seeks is generally conducted, if at all, in conjunction with a
10 collateral attack on a conviction.

11 For all of the foregoing reasons, IT IS HEREBY ORDERED that within fourteen days
12 from the date of this order the parties shall show cause, if any they have, why defendant's motion
13 for new trial should not be denied without prejudice to defendant's right to pursue his claims of
14 ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255.
15 DATED: October 27, 2015.

_____
UNITED STATES DISTRICT JUDGE