UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0116 KJM |
| Plaintiff, | |
| v. | ORDER |
| DOMONIC MCCARNS, | |
| Defendant. | |

         Defendant Domonic McCarns is proceeding through counsel with a motion for new trial based on Federal Rule of Criminal Procedure 33. Defendant claims he received constitutionally ineffective assistance of counsel and he requests an evidentiary hearing to explore counsel's reasoning "relative to the allegations the defense has leveled" against that counsel. ECF No. 726 at 4. The government opposes the motion and the request for evidentiary hearing, and defendant has filed a reply brief. On October 27, 2015, the parties were ordered to show cause why defendant's motion for new trial should not be denied without prejudice to defendant's right to pursue his claims of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255. ECF No. 745 (OSC). Both parties timely responded to the order to show cause with simultaneous briefs filed December 4, 2015. On December 9, 2015, the court heard argument on the order to show cause. Michael Anderson and Matthew Morris appeared as

1

counsel for plaintiff United States of America. Jan Karowsky and Scott Cameron appeared as counsel for defendant Domonic McCarns.

As noted in the order to show cause, this court has discretion to consider defendant's claim of ineffective assistance of trial counsel (IAC) on this motion for new trial. *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013). The court's exercise of discretion is guided by several factors, including the status of defendant's representation by counsel, the state of the existing record, and "the scope of the evidentiary hearing that would be required to fully decide the claim." *Steele*, 733 F.3d at 898.

In response to the order to show cause, defendant contends that all three factors weigh in favor of reviewing his IAC claim at this stage of the proceedings. Specifically, defendant notes that trial counsel has been relieved and new counsel appointed to represent defendant. Much of the evidence relied on to support the claim is found in trial transcripts and trial exhibits. He also asserts that the scope of the evidentiary hearing would be "very minimal" with trial counsel the only witness. Defendant also contends fundamental fairness requires that the claim be considered now, because he has been litigating the motion for almost two years and has "invested two years in custody so that his motion for new trial could be heard on the merits." ECF No. 751 at 6. Defendant contends it would be fundamentally unfair to delay consideration of his IAC claim to the time when collateral post-conviction proceedings can begin because most of the work has been done on the motion and there is little needed to complete the record so the court can rule on the merits of the motion.

In its response, the government contends the court has the discretion to deny defendant's motion now for failing to establish he was prejudiced by the alleged ineffective assistance of trial counsel. The government also notes out-of-circuit authority for the proposition that if the court denies the motion for failure to demonstrate prejudice, and defendant pursues the claim on direct appeal, defendant may be precluded from pursuing the claim on a § 2255 motion. Additionally, at the time of hearing the government contended that the scope of evidentiary development required may exceed the "minimal" scope suggested by defendant and may also require examining witnesses counsel allegedly failed to call.

The court's decision to issue the order to show cause was prompted by defendant's failure to discretely analyze the prejudice prong of his IAC claim in his opening brief or, in response to the government's opposition, to provide more than generalized assertions of prejudice in his reply brief.  *See* ECF No. 745 at 3-4.  Defendant disagrees with the court's characterization of the state of briefing on the prejudice prong, and devotes most of his response to the OSC to a succinct and discrete analysis of that prong.

Although the court makes no findings on the merits of defendant's IAC claim at this time, it appears likely that the problem identified by the court in the OSC was a matter of adequacy of the briefing rather than a failure of proof.  It is not the court's job to identify discrete arguments for any party, and the failure to discretely analyze the prejudice prong of the IAC claim would have left that task to the court absent further briefing.  On the other hand, it would be fundamentally unfair to deny defendant's motion on the merits based on a problem in the briefing alone rather than a failure of proof.  For that reason, the court is satisfied that the interests of justice and fundamental fairness favor reviewing defendant's IAC claim on the merits of the Rule 33 motion before the court.

As noted, defendant seeks an evidentiary hearing to inquire into trial counsel's reasons, if any, for the acts and omissions complained of in the motion.  As discussed at the hearing, in lieu of an evidentiary hearing the court is prepared to grant a deposition of trial counsel, to take place at the courthouse in the event judicial supervision may be required.  The government requests an order from the court setting the parameters of permissible inquiry and permission to submit a declaration from trial court that may, in the government's view, obviate the need for a deposition.

The court by this order authorizes defendant to depose his trial counsel as a means of eliciting direct testimony in support of his IAC claim.  The deposition may cover the issues identified in Sections II, III, and IV of defendant's response to the order to show cause, ECF No. 751.[1]  Defendant's examination of trial counsel shall be completed in one day, not to exceed

---

[1] These sections address alleged prejudice from asserted errors of trial counsel identified in Sections III, IV, and V of defendant's opening brief, ECF No. 712, but describe the asserted

1  seven hours, and shall be scheduled to be conducted within forty-five days from the date of this
2  order.  The deposition shall be conducted in this courthouse, under the supervision of the duty
3  magistrate judge as necessary to resolve disputes.  Nothing in this order shall preclude the
4  government from seeking a declaration from trial counsel.

5          Finally, defendant has filed a request to file twelve documents under seal.
6  Defendant contends he would be in violation of protective orders issued in this action if the
7  documents are filed on the public record.  Defendant represents that he has tendered to the
8  government a stipulation and proposed order to modify the protective orders but has not yet
9  received a response.  Defendant also represents that the documents have been redacted to comply
10 with Local Rule 140.  The government has not filed a response to defendant's request.  The
11 purpose of the protective orders in question, ECF Nos. 64 and 491, was to protect discovery
12 provided to defendant by the government.  Good cause appearing, absent written objection by the
13 government filed within three days from the date of this order, defendant shall file all twelve
14 documents in the public record.

15         In accordance with the above, IT IS HEREBY ORDERED that:
16     1.   The October 27, 2015 order to show cause is discharged;
17     2.  Within forty-five days from the date of this order, defendant shall depose his
18        trial counsel in accordance with the requirements of this order;
19     3.  Defendant's request to seal documents, ECF No. 753, is denied.  Absent
20        written objection from the government filed within three days from the date of
21        this order, defendant shall file the documents identified in the request in the
22        public record in this action; and
23     4.  This matter is set for further status conference on March 2, 2016 at 9:00 a.m. in
24        Courtroom # 3.

25 DATED:  December 10, 2015.

                                       UNITED STATES DISTRICT JUDGE

---

27  errors more succinctly. The description and identification of evidence in the more recent filing
28  controls the scope of the deposition allowed.