**SCOTT CAMERON**
Attorney at Law
California State Bar Number 226605
1007 7th Street, Suite 319
Sacramento, CA  95814
snc@snc-attorney.com
(916) 769-8842
(916) 915-1632 (Fax)

**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation
California State Bar Number 53854
716 19th Street, Suite 100
Sacramento, CA 95811-1767
KarowskyLaw@sbcglobal.net
(916) 447-1134
(916) 448-0265 (Fax)

Attorneys for Defendant
Domonic McCarns

## UNITED STATES DISTRICT COURT

### IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | ) Case No.: 2:08-CR-116 KJM |
| Plaintiff, | ) |
| | ) **STIPULATION AND ORDER** |
| | ) **REGARDING A LIMITED WAIVER OF** |
| vs. | ) **THE ATTORNEY-CLIENT PRIVILEGE** |
| | ) **FOR THE DEPOSITION OF MR.** |
| Domonic McCarns, | ) **MCCARNS' PRIOR TRIAL ATTORNEY** |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**STIPULATION**

Plaintiff, United States of America, by and through its attorneys of record, and defendant,

DOMONIC McCARNS, by and through his attorneys of record, hereby stipulate as follows:

- 1 -

1.  On June 23, 2015, Domonic McCarns filed a motion for new trial in the above-captioned action, based on allegations of ineffective of assistance of his trial counsel.  ECF No. 712.

2.  On December 10, 2015, this Court ordered that defendant may depose his trial counsel in support of defendant's motion for new trial.  ECF No. 758.

3.  In cases such as this, the Ninth Circuit has held that when a defendant raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to certain communications with the allegedly ineffective lawyer.  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003).

4.  The parties have conferred, agreed, and hereby stipulate that the following limited waiver of the attorney-client privilege shall apply in the instant case and urge the Court to incorporate said waiver as its Order:

**<u>Limited Wavier of the Attorney-Client Privilege</u>**

By prior order, on December 10, 2015, the Court ordered the deposition of defendant Domonic McCarns' prior counsel, James Greiner.  Consistent with that order, the Court hereby Orders a limited waiver of the attorney-client privilege regarding all communications Domonic McCarns had with attorney James (Jay) Greiner in his representation of Mr. McCarns regarding Indictments and Superseding Indictments 08-93-KJM and 08-116-KJM filed in the Eastern District of California.

Said limited waiver extends to any communications between Mr. McCarns and Attorney Greiner and/or his defense team and any relevant attorney-client privileged material or work product, disclosed and undisclosed, and includes, but is not limited to, Attorney Greiner's reasoning and any supporting facts or information for the decisions he made and the actions he

undertook or forewent throughout the course of his representation of Mr. McCarns, which are

relevant to the litigation of Mr. McCarns' ineffective assistance of counsel claims.  This order is

"closely tailored" in scope such that the waiver only allows for disclosure of privileged

communications and information necessary to meet the needs of the parties in litigating the

ineffective assistance of counsel claim in question.  See *Bittaker v. Woodford*, 331 F.3d 715, 720

(9th Cir. 2003).  This waiver also extends to any rule of professional conduct that would

otherwise prevent the transmission or discussion of the information by Mr. Greiner insofar as

that information is transmitted or discussed for the purpose of responding to the allegations in

Mr. McCarns' ineffective assistance of counsel claims.

However, the Court  ORDERS that the attorney-client privilege, which attaches to the

communications between Mr. McCarns and Attorney Greiner, shall not be deemed automatically

waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this

Motion for New Trial proceeding.  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003);

*United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010); Federal Rules of Evidence, Rule

502(a); Federal Rules of Civil Procedure, Rule 26(c).

Any and all relevant communications and/or documents disclosed and/or provided to the

government and/or to Mr. McCarns' current defense team by Mr. Greiner and his previous

defense team, pursuant to this Order, and all of his Court ordered deposition testimony shall be

deemed to be confidential.  Any and all of the relevant communications and/or documents

disclosed and/or provided by Mr. Greiner and/or his previous defense team, may be used only by

the prosecution team and by any component of the Department of Justice which provides

appellate, legal, or ethics advice to U.S. Attorney's Offices and/or Mr. McCarns' current defense

team, and only for purposes of any proceedings incident to litigating the claims presented in the

1  Motion for New Trial pending before this Court, including any appeal of the proceedings.  They

2  may not, however, introduce this evidence in any proceeding except those related to the Motion

3  for New Trial and any subsequent or similar claim of ineffective assistance of counsel or appeal

4  of the same.  In addition, the participation of members of the prosecution team in reviewing this

5  material and responding to these claims will not serve as a basis to recuse their participation in

6  any future litigation regarding Mr. McCarns, including trial and sentencing proceedings in Case

7  Nos. 2:08-cr-093-KJM and 2:08-cr-116-KJM.

8       Disclosure of the relevant communications and/or the documents and information

9  obtained from Mr. Greiner and his previous defense team and the documents themselves, may

10  not be made available to any other persons or agencies, including any other law enforcement or

11  prosecutorial personnel or agencies, without an order from this Court.  This order shall continue

12  in effect after the conclusion of the Motion for New Trial proceedings and specifically shall

13  apply in the event of a retrial of all or any portion of Mr. McCarns' criminal case, except that

14  either party maintains the right to request modification or vacation of this order upon entry of

15  final judgment in this matter.

16  IT IS SO STIPULATED:

17

18

19  DATED:      January 22, 2016        BENJAMIN B. WAGNER
20                                      United States Attorney

21                                      /s/ Michael Anderson
                                        Michael Anderson
22                                      Assistant U.S. Attorney

23

24

25  DATED:      January 22, 2016        /s/Scott N. Cameron
                                        SCOTT N. CAMERON

1

2              JAN DAVID KAROWSKY
               Attorney at Law
3              A Professional Corporation

4              By  /s/ Jan David Karowsky
               JAN DAVID KAROWSKY
5              ATTORNEYS FOR DOMONIC McCARNS

6

7          I have read the above Stipulation and Proposed Order Regarding A Limited Waiver of

8    The Attorney-Client Privilege For the Deposition of my Prior Trial Attorney and carefully

9    reviewed every part of it with my attorneys.  I understand it, and I voluntarily agree to it.

10   Further, I have consulted with my attorneys and fully understand my rights with respect to the

11   attorney-client privilege that applies to my case. No other promises or inducements have been

12   made to me, other than those contained in this stipulation.  In addition, no one has threatened or

13   forced me in any way to enter into this Stipulation.

14

15   DATED: 1-23-16                                    /s/ Domonic McCarns
                                                       Domonic McCarns
16

17

18

19                                    **O R D E R**

20

21        **IT IS SO ORDERED.**

22   DATED:  January 29, 2016.

23

24   _____
                  UNITED STATES DISTRICT JUDGE
25