**SCOTT CAMERON**
Attorney at Law
California State Bar Number 226605
1007 7th Street, Suite 319
Sacramento, CA 95814
snc@snc-attorney.com
(916) 769-8842
(916) 915-1632 (Fax)

**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation
California State Bar Number 53854
716 19th Street, Suite 100
Sacramento, CA 95811-1767
KarowskyLaw@sbcglobal.net
(916) 447-1134
(916) 448-0265 (Fax)

Attorneys for Defendant
Domonic McCarns

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America, | Case No.: 2:08-CR-116 KJM |
| Plaintiff, | **STIPULATION AND ORDER REQUIRING GOVERNMENT TO PAY COSTS OF DEPOSITION** |
| vs. | |
| Domonic McCarns, | |
| Defendant. | |

**STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, and defendant, DOMONIC McCARNS, by and through his counsel of record, hereby stipulate as follows:

- 1 -

1. This Court ordered that defendant may depose his trial counsel in support of defendant's motion for new trial.  ECF No. 758.

2. Defense counsel filed a request for clarification asking the Court to clarify that defense counsel will be required to provide a court reporter for the deposition by submitting a separate request for funding for reporting services.  ECF No. 760, p. 2.

3. In response to defense counsels' request for clarification, this Court prepared a minute order providing, "Defense counsel shall provide a court reporter for the deposition by submitting a separate request for funding for the reporting services."  ECF No. 761.

4. However, upon working with the Criminal Justice Act (CJA) Panel Administrator, defense counsel discovered that deposition costs are to be paid by the government.  The CJA Panel Administrator cited the following provision from the Guide to Judiciary Policy, Vol. 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 3: Authorization and Payment for Investigative, Expert, or Other Services.  Those provisions are set forth below:

§ 320.40.20 Depositions
Depositions are covered by Fed. R. Crim. P., Rule 15, rather than 18 U.S.C. § 3503 (repealed).
(a) Expenses incurred in the taking of fact witness depositions (notarial fees, interpreters, transcripts, etc.) are paid by the DOJ, regardless of which party requested the deposition.
(b) The costs of attendance of fact witnesses for either party at the deposition are paid by the DOJ under Rule 17 (b).
(c) The costs of attendance of expert witnesses for the defense at the deposition are paid under the CJA.
(d) Reasonable travel and subsistence expenses incident to attendance of counsel and the defendant at the deposition are paid by the DOJ (1) if the government is the requesting party, or (2) if the defendant is the requesting party and is unable to bear the deposition expenses, based on resources that would be used to determine financial eligibility for appointed counsel. However, it should be noted that the presence of the defendant is not essential to defense depositions since the confrontation clause only requires the defendant's presence if the depositions are intended to be used against the defendant.

5. The parties in this matter have conferred and stipulate that the government is the party to bear the costs of the deposition based on the above authorities. However, in order for the government to issue payment for the expenses, the government requires an order from this Court requiring the payment.

6. In addition to the presence of a court reporter, the defense requests that the deposition be videotaped so that this Court can evaluate any relevant tone, voice fluctuation, and body language of the witness to be deposed. The defense also requests the deposition be videotaped to preserve the record in the event that further review of defendant's motion for new trial is required in the future. The government does not oppose the defense request for video recording at this time. However, the government reserves the right to file a motion with the Court seeking amendment of this order if either the cost or the scheduling of video recording becomes unduly costly or difficult.

7. As such, the parties stipulate to, and request that this Court order, the government to pay the costs of the court reporter and videographer for the deposition of defendant's trial counsel in accordance with § 320.40.20, subdivision (a), of the Guide to Judiciary Policy. Furthermore, the parties stipulate to, and request that this Court order, that the arrangements for the court reporter and videographer are to be made by the U.S. Attorney's office.

IT IS SO STIPULATED:

DATED:   January 22, 2016            BENJAMIN B. WAGNER
                                     United States Attorney

                                     /s/ Michael Anderson
                                     Michael Anderson
                                     Assistant U.S. Attorney

DATED:	January 22, 2016		/s/Scott N. Cameron
					SCOTT N. CAMERON

					JAN DAVID KAROWSKY
					Attorney at Law
					A Professional Corporation
					By /s/ Jan David Karowsky
					JAN DAVID KAROWSKY
					ATTORNEYS FOR DOMONIC McCARNS

**O R D E R**

**IT IS SO ORDERED.**

**DATED**:  January 29, 2016.

_____
UNITED STATES DISTRICT JUDGE