PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
MATTHEW G. MORRIS
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DOMONIC MCCARNS,

Defendant.

CASE NO. 2:08-CR-116

STIPULATION REGARDING RESTITUTION AND ~~[PROPOSED]~~ ORDER

DATE: January 4, 2017
TIME: 9:00 a.m.
COURT: Hon. Kimberly J. Mueller

The parties stipulate and agree as follows:

1. The defendant was convicted by a jury in case 2:08-cr-116-KJM of conspiracy to commit mail fraud.
2. The defendant is further charged in case 2:08-cr-093-KJM with conspiracy to commit mail fraud.
3. On September 14, 2016, the Court sentenced the defendant in case 2:08-cr-116-KJM.
4. At sentencing, the defendant objected to a loss amount that included losses caused by the actions of others involved in similar conduct, and he argued that the conduct of those other people was not reasonably foreseeable to the defendant.
5. The Court overruled that objection, and found the loss to be greater than $9.5 million.
6. The defendant has filed a notice of appeal in case 2:08-cr-116-KJM, and trial is scheduled in February 2017 for case 2:08-cr-093-KJM.





7. The parties' stipulations regarding restitution contained in Paragraphs 8 and 9 are an agreement to the appropriate restitution calculations based on (a) the jury verdict, and (b) the findings made by the Court at sentencing. They are not an admission of guilt to those charges by the defendant and they do not waive or forfeit the defendant's right to appeal the Court's determination regarding relevant conduct for sentencing purposes.

8. The parties further stipulate that the Judgment and Commitment in case 2:08-cr-116 should now be amended to order restitution in the amount of ~~$5,684,111.53~~ $4,867,189.72 SC MDA, as set out below in Paragraph 9. This amended judgment would then be final, and would not be disturbed other than as set out in Paragraphs 10 through 12 below.

9. On the basis of the jury's verdict and the findings previously made by the Court:

    a. The total restitution owed by the defendant for his conduct and the reasonably foreseeable conduct of others in cases 2:08-cr-093-KJM and 2:08-cr-116-KJM is ~~$5,684,111.53;~~ $4,867,189.72 SC MDA

    b. The restitution should be ordered to the people contained in Exhibit A to this stipulation;

    c. The restitution should be owed jointly and severally with any restitution ordered to be paid to those same people by any other defendant in cases 2:08-cr-116 or 2:08-cr-093;

    d. Payment should begin immediately; and

    e. Interest on the restitution should be waived.

10. If the jury verdict of conviction in case 2:08-cr-116-KJM is vacated on appeal, the parties will not be bound in any future resentencing by these stipulations as to the amount of restitution that should be imposed.

11. If the jury verdict of conviction in case 2:08-cr-116-KJM is affirmed on appeal, but the Court's finding regarding reasonably foreseeable relevant conduct of others is reversed on appeal without the case being remanded for resentencing, then:

    a. The total restitution owed by the defendant for his own conduct in cases 2:08-cr-093-KJM and 2:08-cr-116-KJM is ~~$2,693,641.47~~ $2,372,386.09 SC MDA; and

    b. The restitution should be ordered to the people contained in Exhibit B to this

stipulation, owed jointly and severally with any restitution ordered to be paid to those same people by any other defendant in cases 2:08-cr-116 or 2:08-cr-093.

12. If, on direct appeal, the defendant's sentence is vacated and remanded for resentencing because of an error in the court's determination as to the extent of the defendant's responsibility for the reasonably foreseeable conduct of coconspirators, the defendant will remain liable for ~~$2,693,641.47~~ $2,372,386.09 payable in accordance with Exhibit B for his personal conduct, but the parties will not be bound by the stipulations as to restitution for the reasonably foreseeable acts of coconspirators, and they may make any argument as to the appropriate amount of restitution beyond ~~$2,693,641.47~~ $2,372,386.09 for those acts.

13. Upon entry of the amended judgment in case 2:08-cr-116-KJM described in Paragraph 8, the government agrees to move to dismiss the indictment as to this defendant in case 2:08-cr-093-KJM. That motion to dismiss will be subject to the following conditions:

a. If the conviction and sentence in case 2:08-cr-116-KJM is affirmed on appeal and on collateral attack, the dismissal will be with prejudice, and the government will not refile the charges in case 2:08-cr-093-KJM as to this defendant.

b. If the conviction on case 2:08-cr-116-KJM is reversed or vacated on appeal or through collateral attack, the dismissal of case 2:08-cr-093-KJM will be without prejudice, and the government will be free to refile the charges in case 2:08-cr-093-KJM and to reinstate any counts that may be dismissed pursuant to this stipulation. By signing this stipulation, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to refile or reinstate any charges dismissed pursuant to this stipulation. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this stipulated agreement regarding restitution may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this stipulation and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any





b. If the conviction in case 2:08-cr-116 KJM is reversed or vacated, in whole or in part, on appeal or through collateral attack, and upon retrial of case 2:08-cr-116 KJM the defendant is acquitted, then the dismissal of case 2:08-cr-093 KJM will be with prejudice.

c. If the conviction in case 2:08-cr-116 KJM is reversed or vacated, in whole or in part, on appeal or through collateral attack, and the government does not seek a retrial of case 2:08-cr-116 KJM, then the dismissal of case 2:08-cr-093 KJM will be with prejudice.

d. Notwithstanding paragraph 10 above, if the conviction in case 2:08-cr-116 KJM is reversed or vacated, in whole or in part, on appeal or through collateral attack, and upon retrial of, or plea of guilty in, case 2:08-cr-116 KJM, the defendant is convicted again, then the defendant agrees that restitution to D.R., an alleged victim in case 2:08-cr-093 KJM, in the amount of $36,985.18, shall be added to the restitution imposed in case 2:08-cr-116 KJM and the dismissal of case 2:08-cr-093 KJM will be with prejudice. However, should the defendant attempt to withdraw from his agreement in this subparagraph 13.d., then and only then, shall the dismissal of case 2:08-cr-093 KJM be without prejudice, and the government will be free to refile the charges in case 2:08-cr-093 KJM and to reinstate any counts that may be dismissed pursuant to this stipulation. By signing this stipulation, the defendant agrees that should he attempt to withdraw from his agreement in this subparagraph 13.d. then the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to refile or reinstate any charges dismissed pursuant to this stipulation. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this stipulated agreement regarding





restitution may be commenced in accordance with this subparagraph 13.d., notwithstanding the expiration of the statute of limitations between the signing of this stipulation and the commencement of any such prosecutions. Furthermore, in accordance with this subparagraph 13.d., the defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitations or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this stipulation. However, any such refiling, or motion for reinstatement of charges, of case 2:08-CR-093 KJM, in accordance with this subparagraph 13.d., must occur by the government within 60 days of the defendant's withdrawal or attempted withdrawal from the terms of this subparagraph 13.d.

14. It is the intent of the parties, that wherever this stipulation references a conviction or order being "vacated" or "reversed," that such language means "vacated or reversed, in whole or in part."

15. It is the intent of the parties, that wherever this stipulation references reasonably foreseeable conduct of others, the parties are referring to the usual use of such language and are also are referring to conduct of others which was attributed to the defendant by the trial court when it overruled the defendant's formal objection to the Presentence Investigation Report at ECF No. 794, pp. 10:5-21.

16. Nothing in this stipulation or order limits or waives any arguments the parties may raise on appeal in case 2:08-CR-116 KJM, except as it relates to restitution as specifically set forth herein.

17. This stipulation is not an admission of guilt or an admission of any amount stated.

18. This stipulation and order may not be admitted as evidence at any future trial, or other contested hearing, except for its intended use as set forth above.

**IT IS SO STIPULATED.**

DATED: 1/3, 2017

PHILLIP A. TALBERT
United States Attorney

/s/
Michael Anderson
Assistant U.S. Attorney

DATED: 1/1/, 2017

/s/
SCOTT N. CAMERON

JAN DAVID KAROWSKY
Attorney at Law
A Professional Corporation

By /s/
JAN DAVID KAROWSKY
ATTORNEYS FOR DOMONIC McCARNS

DATED: 1/1/, 2017

Domonic McCarns, Defendant

**ORDER**

**IT IS SO ORDERED** on January 4, 2017.

UNITED STATES DISTRICT JUDGE

Exhibit A

| Initials | City | State | Amount | | Case |
|---|---|---|---|---|---|
| D. R. | Modesto | California | $ | 36,985.18 | -093 |
| | | **TOTAL (-093)** | $ | 36,985.18 | |
| J. A. & B. M. | New Britain | Connecticut | $ | 41,294.69 | -116 |
| J. B. & T. B. | Paxton | Massachusetts | $ | 35,474.07 | -116 |
| J. B. | Baltimore | Maryland | $ | 58,493.15 | -116 |
| E. B. | Apple Valley | California | $ | 113,417.19 | -116 |
| R. B. | Bowie | Maryland | $ | 67,787.20 | -116 |
| C. B. | New Castle | Pennsylvania | $ | 44,466.25 | -116 |
| D. B. | Seattle | Washington | $ | 98,818.16 | -116 |
| N. B. | Eugene | Oregon | $ | 89,576.98 | -116 |
| L. B. | Jacksonville | Florida | $ | 75,254.00 | -116 |
| R. C. | Kapaa | Hawaii | $ | 186,071.94 | -116 |
| J. C. | Unknown | | $ | 69,262.64 | -116 |
| T. C. | Revere | Massachusetts | $ | 120,384.23 | -116 |
| T. D. | Wesley Chapel | Florida | $ | 95,079.04 | -116 |
| J. D. | Pelham | New Hampshire | $ | 10,831.60 | -116 |
| M. E. | Unknown | | $ | 74,100.82 | -116 |
| J. E. | San Antonio | Texas | $ | 58,237.56 | -116 |
| T. E. & T. M. | Columbus | Ohio | $ | 58,682.79 | -116 |
| A. F. | Willimantic | Connecticut | $ | 54,809.21 | -116 |
| C. F. | North Dighton | Massachusetts | $ | 47,281.69 | -116 |
| C. F. | Jackson | New Jersey | $ | 70,570.28 | -116 |
| R. G. | Matawan | New Jersey | $ | 93,598.56 | -116 |
| E. G. | Melbourne | Florida | $ | 47,775.76 | -116 |
| B. G. | Jacksonville | Florida | $ | 55,289.56 | -116 |
| M. H. | Thomaston | Connecticut | $ | 94,870.95 | -116 |
| B. H. | Titusville | Florida | $ | 48,214.35 | -116 |
| L. H. | Greenbank | Washington | $ | 275,700.79 | -116 |
| C. H. | Morrisville | Pennsylvania | $ | 76,003.24 | -116 |
| P. H. | Wyncote | Pennsylvania | $ | 49,018.25 | -116 |
| J. H. | Delran | New Jersey | $ | 65,225.90 | -116 |
| K. J. | Ewing | New Jersey | $ | 85,446.52 | -116 |
| S. J. | Sacramento | California | $ | 61,530.81 | -116 |
| B. J. | Sanbornton | New Hampshire | $ | 53,459.97 | -116 |
| C. K. | Huron | Ohio | $ | 73,412.50 | -116 |
| J. K. | Melbourne | Florida | $ | 100,728.50 | -116 |
| P. L. | St. Louis | Missouri | $ | 44,751.54 | -116 |
| M. L. | Riverside | California | $ | 47,819.76 | -116 |
| A. L. | Sacramento | California | $ | 83,202.66 | -116 |
| M. L. | Mebane | North Carolina | $ | 57,716.67 | -116 |
| Y. M. | Minneapolis | Minnesota | $ | 27,197.70 | -116 |
| M. M. | Melbourne | Florida | $ | 83,439.06 | -116 |
| D. M. | Cocoa | Florida | $ | 58,065.39 | -116 |
| S. N. | W. Bridgewater | Massachusetts | $ | 65,047.68 | -116 |



Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| M. P. | Tacoma | Washington | $ | 177,079.91 | -116 |
| D. P. | Oberlin | Ohio | $ | 198,076.95 | -116 |
| J. P. | Unknown | | $ | 22,568.46 | -116 |
| P. P. | Pacoima | California | $ | 89,204.89 | -116 |
| J. P. | Lago Vista | Texas | $ | 48,166.60 | -116 |
| B. R. | Pueblo | Colorado | $ | 31,063.73 | -116 |
| R. R. | Westampton | New Jersey | $ | 123,226.15 | -116 |
| E. R. | Springfield | New Jersey | $ | 54,334.15 | -116 |
| P. R. | Seattle | Washington | $ | 235,088.06 | -116 |
| S. R. | Providence | Rhode Island | $ | 32,094.65 | -116 |
| K. S. | Miramar | Florida | $ | 34,574.50 | -116 |
| R. S. | Lodi | New Jersey | $ | 100,648.73 | -116 |
| J. T. | Tucson | Arizona | $ | 85,896.30 | -116 |
| P. T. | Oakley | California | $ | 99,889.34 | -116 |
| P. T. | Unknown | | $ | 58,339.39 | -116 |
| C. V. | Lawrence | Massachusetts | $ | 63,371.24 | -116 |
| M. V. | Philadelphia | Pennsylvania | $ | 52,755.49 | -116 |
| S. W. | Glens Falls | New York | $ | 33,140.36 | -116 |
| B. W. | Cleveland Heights | Ohio | $ | 50,347.24 | -116 |
| C. W. | Cave Junction | Oregon | $ | 80,081.98 | -116 |
| C. Z. | St. Louis | Missouri | $ | 42,846.81 | -116 |
| | | **TOTAL (-116)** | $ | 4,830,204.54 | |
| | | | | | |
| | | **TOTAL COMBINED** | $ | 4,867,189.72 | |



Exhibit B

| Initials | City | State | Amount | | Case |
|---|---|---|---|---|---|
| D. R. | Modesto | California | $ | 36,985.18 | -093 |
| | | **TOTAL (-093)** | $ | 36,985.18 | |
| R. B. | Bowie | Maryland | $ | 67,787.20 | -116 |
| D. B. | Seattle | Washington | $ | 98,818.16 | -116 |
| L. B. | Jacksonville | Florida | $ | 75,254.00 | -116 |
| R. C. | Kapaa | Hawaii | $ | 186,071.94 | -116 |
| T. D. | Wesley Chapel | Florida | $ | 95,079.04 | -116 |
| J. D. | Pelham | New Hampshire | $ | 10,831.60 | -116 |
| M. E. | Unknown | | $ | 74,100.82 | -116 |
| J. E. | San Antonio | Texas | $ | 58,237.56 | -116 |
| A. F. | Willimantic | Connecticut | $ | 54,809.21 | -116 |
| C. F. | Jackson | New Jersey | $ | 70,570.28 | -116 |
| R. G. | Matawan | New Jersey | $ | 93,598.56 | -116 |
| B. G. | Jacksonville | Florida | $ | 55,289.56 | -116 |
| L. H. | Greenbank | Washington | $ | 275,700.79 | -116 |
| S. J. | Sacramento | California | $ | 61,530.81 | -116 |
| B. J. | Sanbornton | New Hampshire | $ | 53,459.97 | -116 |
| Y. M. | Minneapolis | Minnesota | $ | 27,197.70 | -116 |
| S. N. | W. Bridgewater | Massachusetts | $ | 65,047.68 | -116 |
| M. P. | Tacoma | Washington | $ | 177,079.91 | -116 |
| D. P. | Oberlin | Ohio | $ | 198,076.95 | -116 |
| B. R. | Pueblo | Colorado | $ | 31,063.73 | -116 |
| P. R. | Seattle | Washington | $ | 235,088.06 | -116 |
| K. S. | Miramar | Florida | $ | 34,574.50 | -116 |
| J. T. | Tucson | Arizona | $ | 85,896.30 | -116 |
| P. T. | Oakley | California | $ | 99,889.34 | -116 |
| B. W. | Cleveland Heights | Ohio | $ | 50,347.24 | -116 |
| | | **Total -116** | $ | 2,335,400.91 | |
| | | **TOTAL COMBINED** | $ | 2,372,386.09 | |

