UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:08-cr-00116-KJM |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DOMONIC McCARNS, | |
| Defendant. | |

Defendant, a prisoner proceeding pro se, was sentenced by this court on September 14, 2016, to a term of 168 months for conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. Minute Order, ECF No. 801; Superseding Indictment, ECF No. 153. In preparation for filing a § 2255 motion to challenge the judgment against him, defendant now moves to compel the government to produce certain records relevant to his conviction. Mot., ECF No. 914. The court ordered the government to respond to defendant's motion, ECF No. 922, which it did, Opp'n, ECF No. 925. In its opposition, the government argued the court should deny defendant's motion as premature, because defendant has not yet filed a § 2255 motion. Opp'n at 3–5.

As the government points out, the Ninth Circuit held in *Calderon v. U.S. District Court for the Northern District of California*, 98 F.3d 1102 (9th Cir. 1996) that "pre-petition discovery is impermissible" where a prisoner has yet to "outline factual allegations in a petition before the district court." *Id.* at 1106. Without the benefit of an existing habeas petition, the

1

Ninth Circuit explained, the district court has no way to determine the propriety of discovery. *Id.* (citing *Harris v. Nelson,* 394 U.S. 286, 290 (1969) ("[I]n appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures . . . .")). The court in *Calderon* based this conclusion on Rule 6 of the Rules Governing § 2254 Cases in district courts, which allows the district court to order discovery "for good cause." *Id.* at 1104, 1106. The rule is applicable in the present case, because Rule 6 of the Rules Governing § 2255 Cases is virtually identical. *Compare* Fed. R. Governing § 2254 Cases 6(a) (the court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."), *with* Fed. R. Governing § 2255 Cases 6(a) (the court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law."). Accordingly, courts apply *Calderon* in both § 2254 and § 2255 contexts. *See, e.g.*, *United States v. Fabricant*, No. CR 03-01257-RSWL-1, 2014 WL 12626212, at *1 (C.D. Cal. Sept. 18, 2014) (denying discovery-related request because petition had not filed a § 2255 motion yet) (citing *Calderon*, 98 F.3d at 1104); *United States v. Hayat*, No. 2:05-CR-240-GEB, 2018 WL 347792, at *2 (E.D. Cal. Jan. 9, 2018) (quoting *Calderon* in context of a § 2255 proceeding).

Defendant's motion to compel is DENIED without prejudice, because he has yet to file a § 2255 motion. This order resolves ECF No. 914.

IT IS SO ORDERED.

DATED: December 18, 2019.

_____
UNITED STATES DISTRICT JUDGE

2