UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-CR-116-KJM |
| Plaintiff, | ORDER |
| v. | |
| Domonic McCarns, | |
| Defendant. | |

Defendant Domonic McCarns alleges that, in April 2020, prison staff discarded thousands of pages of his legal research. McCarns Decl. at 1–2, ECF No. 961. The government concedes Mr. McCarns' legal research was lost but disputes the manner of its disappearance and the volume of material thrown out. *See* Gov. Resp. to Court's Order at 3, ECF No. 972. In May 2021, the court ordered both the government and the defendant to brief "what remedies are available to address the loss of Mr. McCarns' legal research and work product." Min. Order (May 27, 2021), ECF No. 988. The court held a hearing on July 16, 2021. Mathew Morris and Michael Anderson attended by videoconference for the government, and Mr. McCarns appeared by phone. Hr'g Mins., ECF No. 1006. For the following reasons, the court **appoints standby counsel** to assist Mr. McCarns with his 28 U.S.C. § 2255 motion as a remedy for the lost research.

1

I.     BACKGROUND

Mr. McCarns is currently serving a 168-month sentence at Federal Correctional Institution (FCI) Lompoc following his conviction for conspiracy to commit mail fraud. *See* J. & Commitment at 1–2, ECF No. 803. He has been representing himself for some time, with limited counsel to assist in the production of voluminous discovery. *See* Opp'n Mot. to Compel, ECF No. 925. Prior to Mr. McCarns' filing for post-conviction relief, the court approved the expenditure of significant time and resources to ensure Mr. McCarns could access his discovery materials in a manner conforming to Bureau of Prisons (BOP) procedures. *See, e.g.,* Def. Mot. at 2–4, ECF No. 844 (describing millions of pages of discovery); Stipulation & Order, ECF No. 858 (granting access to partially redacted discovery in "an electronic format compliant" with the BOP's approved forms of storage media); Stipulation & Order, ECF No. 875 (second addendum to existing protective orders).

In January 2020, Mr. McCarns filed a § 2255 motion seeking to vacate, set aside, or correct his sentence and identifying fifteen grounds for doing so. Section 2255 Mot., ECF No. 930. Mr. McCarns has yet to file a memorandum of points and authorities to support his motion. In June 2020, Mr. McCarns moved for appointment of counsel to assist with his § 2255 motion due to the complex nature of the case, the voluminous amounts of discovery, and the loss of his legal materials following a COVID-19 quarantine. *See generally* Mot. App't of Counsel, ECF No. 950.

In April 2020, Mr. McCarns avers he was working on his § 2255 motion when medical staff approached him to conduct a temperature check. McCarns Decl. at 1. After reading his temperature as exceeding 100 degrees, staff immediately escorted him away from his cell and brought him to a "makeshift medical quarantine area." *Id.* at 1–2. Mr. McCarns avers he was never provided an opportunity to secure his legal materials, despite his requests to do so. *Id.* at 2.

Approximately a month later, he was transferred back to his cell, but a sizable portion of his legal materials was missing. Reply to Gov. Resp. at 3, ECF No. 974 (estimating 12 to 18 inches of materials missing). Mr. McCarns estimates the documents' contents reflected over 3,000 hours of his time. McCarns Decl. at 3–5. Specifically, in his declaration, he lists the

following as missing: (1) printed case law documents compiled after thousands of hours of research on Lexis Nexis; (2) 300 pages of notes created through five years of reviewing "transcripts, discovery, and case law;" (3) a master discovery list he created to help navigate the more than one million pages of discovery in the case; (4) a trial transcript citation log that helped him cross-reference his trial transcripts, which are unavailable to inmates as a searchable document; (5) and finished work product addressing five of the grounds raised in his 2255 motion. *Id.* at 3–4. At hearing, Mr. McCarns clarified some of the lost materials included documents sent to him by his prior attorneys and investigators.

At the court's direction, staff at FCC Lompoc investigated the loss of the materials. *See generally* Resp. to Court's Order.[1] Staff approximated the missing legal materials were closer to 2 to 3 inches and reported a staff member had informed Mr. McCarns his belongings would be thrown away if not secured in a locker. *Id.* at 2. The government did not provide any staff members' recollection regarding whether Mr. McCarns was given an opportunity to secure his materials before being ushered into quarantine. *See id.* at 2.

At the July 2021 hearing, Mr. McCarns confirmed his request he be appointed counsel. McCarns Brief, ECF No. 997. The government effectively conceded Mr. McCarns' due process rights were implicated by the loss of legal materials and recommended he be provided additional time to file his memorandum of points and authorities.

**II.   LEGAL STANDARD**

Incarcerated people do not have the "constitutional right to counsel at a collateral, post-conviction section 2255 proceeding." *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995). However, "counsel must be appointed to represent indigent defendants in 2255 proceedings when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980); *see also Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (A judge abuses her discretion in denying the appointment of counsel in habeas cases "when the case is so complex that due process violations

---

[1] FCC Lompoc is the umbrella term used for FCI Lompoc and USP Lompoc.

will occur absent the presence of counsel."). District courts also have the discretion to appoint counsel in habeas proceedings and collateral challenges, including section 2255 motions, at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

As provided by 18 U.S.C. § 3006A, courts have directed appointment of counsel in cases bringing collateral challenges in the following circumstances:

> (1) capital cases;
>
> (2) cases that turn on substantial and complex procedural, legal, or mixed legal and factual questions;
>
> (3) cases involving uneducated or mentally or physically impaired petitioners;
>
> (4) cases likely to require the assistance of experts either in framing or in trying the claims;
>
> (5) cases in which the petitioner is in no position to investigate crucial facts; and
>
> (6) factually complex cases.

*See Salango v. Sisto*, No. 09-0044, 2011 WL 489682, at *3 (E.D. Cal. Feb. 7, 2011) (citing 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b, at 383–86 (2d ed. 1994)); *see also Dillon v. United States*, 307 F.2d 445, 446–47 (9th Cir. 1962) ("the appointment of counsel [in section 2255 motions] may sometimes be mandatory . . . when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel."). In *Bivens* actions and § 1983 cases, courts have recognized the deprivation of an incarcerated person's legal materials may rise to a due process violation. *See Vigliotto v. 8 Terry,* 873 F.2d 1201, 1202–03 (9th Cir. 1989) (recognizing deprivation may constitute due process violation but not finding one when defendant lost access to his legal materials for three days).

III.   **ANALYSIS**

Here, Mr. McCarns clearly understands many of the issues implicated by his trial and has the ability to present them coherently. *Moran v. Lovelock Corr. Ctr. Warden*, No. 21-00050,

2021 WL 2809437, at *1 (D. Nev. June 21, 2021) ("When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required."). His filing of a § 2255 motion that raises fifteen grounds to set aside his conviction and sentence is evidence of his ability to make his own case well. *See* Section 2255 Mot., ECF No. 930.[2]

On the other hand, as the court has noted in its prior orders, Mr. McCarns' case file is "extremely complex" and contains "an enormous magnitude of documents to review." Order at 1 (March 3, 2014), ECF No. 531. It took prior, experienced counsel considerable time and effort to arrange for Mr. McCarns to access discovery in compliance with BOP regulations. Order at 1 (March 15, 2021), ECF No. 968. Even though Mr. McCarns has had access to the record of his case, his declaration credibly explains the limitations he faces in his efforts to review and distill the information he requires to file a brief supporting his pending motion. The substantial time he would require, unassisted, to recreate the materials that were discarded will delay his briefing in a way that prejudices him in his efforts to obtain relief from the court.

The government argues the complexity of the case weighs against appointment of counsel as it will require new attorneys to expend significant time to get up to speed on the case. Resp. to McCarns Brief at 3. The court finds the complexity of this case and the loss of time occasioned by the materials being discarded weigh in favor of limited appointment of counsel as an appropriate remedy. Given Mr. McCarns' ability to manage and oversee litigation of his motion, the court will appoint standby counsel to assist him, mitigating somewhat the government's fair concern. Traditionally, the role of "standby counsel" is to assist the pro se defendant in navigating the mechanics of proceedings by "overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete[.]" *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). In this case, standby counsel will aid in the recreation of materials to

---

[2] At the same time, the court takes judicial notice of court records indicating Mr. McCarns has recently received a chronic kidney disease diagnosis, which may affect his overall health. *See* Mot. for Compassionate Release at 9, ECF No. 998.

support a final 2255 motion. With Mr. McCarns' guidance, standby counsel should be able to more efficiently recreate the materials required to finalize a memorandum of points and authorities on a reasonable schedule.

### IV. CONCLUSION

The court appoints **Mr. McCarns standby counsel** and directs the Office of the Federal Defender to identify standby counsel as promptly as possible. Mr. McCarns shall have an additional 120 days from the date standby counsel is appointed to submit a memorandum of points and authorities.

As the court appoints standby counsel for Mr. McCarns, his motion for appointment of counsel at ECF No. 950 is now moot.

The Clerk of Court is directed to serve a copy of this order on the Office of the Federal Defender.

IT IS SO ORDERED.

DATED: September 14, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE