UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-cr-00116-KJM-5 |
| Plaintiff, | ORDER |
| v. | |
| Dominic McCarns, | |
| Defendant. | |

Defendant Dominic McCarns moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argues his diagnosis of chronic kidney disease and the ongoing COVID-19 pandemic warrant a sentence reduction to time served or modification to home detention and supervised release. The government opposes. For the following reasons, the court **denies** the motion.

**I.      BACKGROUND**

McCarns is currently serving a 168-month sentence at Federal Correctional Institution (FCI) Lompoc following his conviction for conspiracy to commit mail fraud. *See* J. & Commitment at 1–2, ECF No. 803. McCarns was a member of a large and sophisticated "foreclosure rescue" scheme. PSR ¶¶ 6–9, ECF No. 793.[1] Members of the conspiracy targeted

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1

homeowners in financial distress and, through false and fraudulent representations, obtained title to their properties and stole any existing equity in their homes. *Id.* ¶¶ 7–8. Ultimately, McCarns and his co-conspirators defrauded at least 74 victims of millions of dollars. *Id.* ¶ 9. McCarns faced a statutory maximum of 240 months' imprisonment, *id.* at 5, and this court sentenced him to 168 months, J. & Commitment at 1.

McCarns, through appointed counsel, now moves to reduce his 168-month sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). *See generally* Mot., ECF 998. Alternatively, he requests modification of his sentence to require home detention and supervised release. *See id*. Specifically, McCarns argues his recent stage-3a chronic kidney disease diagnosis and race place him at increased risk of illness from exposure to COVID-19. Mot. at 13. McCarns notes, after his diagnosis, "[t]he only follow-up treatment according to the medical records appears to be 'Review a diet for CKD.'" *Id*; Sealed Medical Records at 9, ECF No. 1015-1. The court construes McCarns's argument as saying FCI Lompoc cannot adequately treat his kidney condition. McCarns also asks the court to consider FCI Lompoc's loss of legal research and notes, which the court has addressed separately, as another factor in granting compassionate release. Mot. at 15–18.

The government opposes on multiple grounds, including its own evaluation of McCarns's medical condition. *See* Opp'n at 1, ECF No. 1007. The government notes McCarns has already contracted and "presumptively recovered" from COVID-19 and is fully vaccinated. Mot. at 13; Opp'n at 5. Additionally, it argues, the Bureau of Prisons is providing McCarns with adequate medical care. Opp'n at 10.

McCarns first filed his motion for compassionate release on July 20, 2020, proceeding pro se. *See* ECF No. 952. After reviewing the motion, this court ordered court appointed counsel to represent McCarns. *See* ECF No. 955. On July 7, 2021, McCarns, through his appointed counsel, filed this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Mot. The government filed an opposition and McCarns replied. *See* Opp'n; Reply, ECF No. 1009.

## II. LEGAL STANDARD

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The defendant must first exhaust administrative remedies. *Id.* § 3582(c)(1)(A). If a defendant has exhausted administrative remedies, the analysis is twofold. First, to grant relief, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* § 3582(c)(1)(A)(i). Second, the court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *See id.* § 3582(c)(1)(A). The defendant bears the burden of establishing eligibility for compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

## III. ANALYSIS

### A. Exhaustion

McCarns must have met the exhaustion requirements of § 3582 before the court can consider his motion for compassionate release. The government argues McCarns has not met this exhaustion requirement. Opp'n at 8. Although McCarns "submitted a request to his warden for compassionate release . . . due to a history of tuberculosis and the ongoing COVID-19 pandemic," he did not include his diagnosis of chronic kidney disease and corresponding claims in this request. *Id.* at 5, 8–9. While McCarns agrees he did not specify his kidney disease in his request, he argues this court should read his petition broadly as covering his range of health concerns. Reply at 7–8. For the purposes of issuing this order without further delay, the court will assume but not decide McCarns has exhausted his administrative requirements, leaving open the question of exhaustion in connection with any future motion, if one is filed.

### B. "Extraordinary and Compelling Reasons"

Many federal district courts, including this court, have found defendants can demonstrate "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A)(i) if they show (1) their health conditions put them at increased risk of severe COVID-19 symptoms and (2) they are at risk of infection because their facility is currently suffering from a COVID-19 outbreak or is at risk of an outbreak. *See, e.g.*, *United States v. Terraciano*, 492 F.Supp.3d 1082,

1085–86 (E.D. Cal. 2020).  Recent or ongoing rises in the reported number of infections might make for a stronger showing of "extraordinary and compelling reasons," but spikes and outbreaks have not always been necessary to support motions under § 3582(c)(1)(A).  *See id*. at 1086.

The government and McCarns do not dispute that McCarns, a 47 year old African American man, was recently diagnosed with stage-3a chronic kidney disease.  Mot. at 13, 17; Opp'n at 9.  Stage-3a chronic kidney disease is described as "a condition in which the kidneys are damaged and cannot filter blood as well as they should," leading to fluid buildup which can "cause other health problems."  Ctrs. For Disease Control & Prevention, "Chronic Kidney Disease Initiative; Chronic Kidney Disease Basics" (last visited Oct 20, 2022).[2]  As noted, McCarns focuses on the alleged inadequacy of his treatment while incarcerated, his ongoing risk of exposure to the virus, and the loss of his legal notes as "extraordinary and compelling" reasons for release.

First, in arguing that medical officials at FCC Lompoc are not equipped to treat his condition, McCarns asserts his medical team's only treatment plan has been addressing his diet.  Mot. at 13.  McCarns's medical records from the Bureau of Prisons do not support this claim.  *See* Sealed Medical Records.  McCarns's sealed medical files document medical staff's conducting follow up lab testing, prescribing over-the-counter medication, and counseling for McCarns's diet, exercise, and preventative health measures.  *Id.* at 4–7, 9; Opp'n at 10.  These treatments are in line with guidelines from the Centers for Disease Control and Prevention (CDC).  Ctrs. For Disease Control & Prevention, *supra* note 2 (stating treatments for kidney disease vary among individuals and can include "meet[ing] with a dietician to create a kidney-healthy eating plan," "[t]ak[ing] medications as instructed" and "[i]ncldud[ing] a kidney doctor (nephrologist) on your health care team.").  Additionally, at the same time the records show McCarns is being provided care, disciplinary reports show he failed to appear for a scheduled doctor's visit.  *See* Ex. 3 at 8, ECF 1007-1.

Second, even though he is fully vaccinated, McCarns argues his diagnosis and underlying risk factors leave him at high risk for serious illness from COVID-19 exposure.  Mot. at 13–17.

---

[2] *See* https://www.cdc.gov/kidneydisease/basics.html.

4

McCarns cites to a CDC webpage discussing general factors contributing to increased risk of illness from COVID-19 for racial minority groups, including poverty and education levels, but does not explain how these factors apply to him. *Id.* at 15–17. This argument is not persuasive.

McCarns also argues the emergence of new variants of the COVID-19 virus, given his illness, increases his risk of serious infection. *Id.* at 18. In the past at least, risk of infection could be shown by demonstrating the facility where a defendant resides is currently suffering from a COVID-19 outbreak or is at risk of an outbreak, for example, because it is a congregate living facility in which inmates and staff cannot consistently maintain safe physical distances. *See, e.g., Terraciano*, 492 F. Supp. 3d at 1085–86. The court's calculus shifts, however, if a defendant has been vaccinated against COVID-19. *United States v. Smith*, 538 F. Supp. 3d 990, 995–999 (E.D. Cal. May 11, 2021). If a defendant is vaccinated, as McCarns is, this court has employed a rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i). *Id.* at 999. A defendant can rebut this presumption by offering evidence of an elevated personal risk of severe harm despite the protections of vaccination. *Id.* at 998–999; *see also United States v. Peel*, No. 14-00192, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021). When defendants offer no evidence that vaccination will not protect them against severe harm from COVID-19 and do not show the facilities where they are currently incarcerated are experiencing a surge in infections caused by a variant, courts now deny motions for release more often than not. *See, e.g., United States v. Andrade*, No. 17-00180, 2022 WL 172933, at *2 (E.D. Cal. Jan. 19, 2022); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Decano*, No. 21-10099, 2021 WL 4922348 (9th Cir. Oct. 21, 2021) (unpublished) (affirming denial of compassionate release to fully vaccinated defendant).

McCarns has not cited any evidence showing he remains at risk despite his vaccination. While the CDC does say individuals diagnosed with chronic kidney disease are at a "high risk for severe illness" if they contract COVID-19, *see* Ctrs. For Disease Control & Prevention, CoronaVirus Disease 2019 (COVID-19), "People with Certain Medical Conditions," (last visited

Oct. 20, 2022),³ it also observes that "COVID-19 vaccines and boosters remain highly protective against severe illness and death," even for those with underlying conditions, *see id.*; Ctrs. For Disease Control & Prevention, "COVID-19; Benefits of Getting a COVID-19 Vaccine," (last visited Oct 20, 2022).⁴ The other grants of compassionate release motions to which McCarns points predate the availability of the vaccination. *See* Mot. at 14. McCarns has not shown any variant has taken hold in the facility where he is housed, or otherwise provided specific facts in support of his argument. Thus, he has not carried his burden to show his health conditions and risk of infection are extraordinary and compelling circumstances.

While McCarns's loss of his legal research and notes while at FCI Lompoc are concerning, this loss does not rise to an "extraordinary and compelling" justification for early release. The court has addressed this issue by separate order. *See* ECF No. 1016.

Extraordinary and compelling reasons do not justify relief under § 3582(c)(1)(A). The court does not reach the sentencing factors in § 3553(a).

**IV.    CONCLUSION**

The motion is **denied without prejudice to renewal**, if renewal is possible with evidence of exhaustion and of an elevated personal risk of severe harm despite the protections of vaccination.

This order resolves ECF Nos. 952, 998.

IT IS SO ORDERED.

DATED: October 28, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

³ https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html/#Actions.

⁴ https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html