UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Domonic McCarns,<br><br>　　　　　　Defendant. | No.  2:08-cr-00116-KJM-5<br><br>ORDER |

　　　　In 2020, defendant Domonic McCarns, who is currently serving a 168-month sentence following his conviction for conspiracy to commit mail fraud, s*ee* J. & Commitment at 1–2, ECF No. 803,[1] moved to vacate his conviction and sentence under 28 U.S. § 2255.  Mot., ECF No. 930.  Soon after, McCarns filed a motion for discovery related to his § 2255 motion.  Mot. for Disc., ECF No. 948.  Specifically, McCarns asks this court to compel the government to produce various records, including information from 29 computer hard drives the government allegedly seized while executing search warrants prior to McCarns' trial.  *Id.* at 1–2.  McCarns believes these records "are necessary to support [his] claims for relief listed in section 2255 motion." *Id.* at 2.  Meanwhile, the court awaits McCarns' memorandum in support of his § 2255 motion,

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

which, as of the date of this order, is due by September 18, 2023.² *See* Prior Order (May 19, 2023).

"Section 2255 grants a prisoner in custody the right 'at any time' to bring a motion 'to vacate, set aside or correct the sentence' upon the ground that the 'sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255). But before a court can contemplate granting relief, it must screen the motion and dismiss any portion raising "frivolous" or "malicious" claims. 28 U.S.C. § 1915A(b)(1), (2); *see also* Rule 4(b) Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4(b) Governing Section 2255 Proceedings.

If any portion of a motion survives an initial screening, a court may "for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6 Governing Section 2255 Proceedings. But "there simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter." *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) (citation omitted). Rule 6 itself contains few procedural details. *Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1104 (9th Cir. 1996). As stated in the Advisory Committee note, Rule 6 "contains very little specificity as to what types and methods of discovery should be made available to the parties in a habeas proceeding, or how, once made available, these discovery procedures should be administered." Advisory Comm. Note to Rule 6

---

² The court has granted McCarns several extensions of time to file this memorandum because McCarns has had difficulty accessing the necessary technology to view his legal materials. *See e.g.*, Prior Order (May 19, 2023), ECF No. 1097.

Governing 2254 Cases.[3]  Instead, "[t]he purpose of this rule is to get some experience in how discovery would work in actual practice by letting district court judges fashion their own rules in the context of individual cases."  *Id.*

In addition to a court's authority to manage discovery under the rules applicable to section 2255 cases, courts have inherent authority to control their dockets.  *Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991).

Because McCarns has not yet filed his memorandum in support of his § 2255 motion and the court has not yet issued a screening order regarding the motion, the court finds McCarns' motion for discovery is not yet ripe.  Therefore, the **court denies McCarns' motion for discovery without prejudice and denies the government's request for an extension of time to respond to the motion, ECF No. 1105, as moot**.  The court will disregard any further discovery-related motions until it reviews McCarns' memorandum in support of his motion and issues a screening order.  After screening is complete, McCarns may file a single motion containing all discovery requests relevant to any claims the court allows to move forward.

This order resolves ECF Nos. 948 and 1105.

IT IS SO ORDERED.

DATED:  August 22, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The passage quoted here "is fully applicable" to discovery for § 2255 motions.  *See* Advisory Comm. Notes to Rule 6 Governing Section 2255 Proceedings.