UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-cr-00116-KJM-5 |
| Plaintiff, | ORDER |
| v. | |
| Domonic McCarns, | |
| Defendant. | |

Defendant Domonic McCarns moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons below, the court **denies** the motion.

I.  BACKGROUND

McCarns is currently serving a 168-month sentence at Federal Correctional Institution (FCI) Lompoc following his conviction for conspiracy to commit mail fraud. *See* J. & Commitment at 1–2, ECF No. 803.[1] McCarns was a member of a large and sophisticated "foreclosure rescue" scheme. PSR ¶¶ 6–9, ECF No. 793. Members of the conspiracy targeted homeowners in financial distress and, through false and fraudulent representations, obtained title to their properties and stole any existing equity in their homes. *Id.* ¶¶ 7–8. Ultimately, McCarns and his co-conspirators defrauded at least 74 victims of millions of dollars. *Id.* ¶ 9. McCarns

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1

faced a statutory maximum of 240 months' imprisonment, *id.* at 5, and this court sentenced him to 168 months, J. & Commitment at 1.

McCarns previously moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). *See* Prior Mot., ECF 998. The court denied that motion without prejudice to renewal. Prior Order (Oct. 21, 2022), ECF No. 1070. It found that although McCarns was diagnosed with Stage-3a chronic kidney disease (CKD), a condition that places individuals at risk for severe illness if they were to contract COVID-19, he had not cited any evidence showing he remained at an elevated risk after receiving the protections provided by the COVID-19 vaccination. *Id.* at 5–6. Additionally, the court found the Bureau of Prisons (BOP) was able to provide him with adequate medical care to treat his condition. *Id.* The court did not preclude a future motion if McCarns could show he remained at high risk for severe illness. *Id.* at 6.

McCarns, through appointed counsel, again moves for compassionate release. *See generally* Mot., ECF 1083. The government opposes, Opp'n, ECF No. 1091, and McCarns has replied, Reply, ECF No. 1098.

## II.  LEGAL STANDARD

In general, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in exceptional circumstances, the court can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). *Id.* A defendant must first exhaust administrative remedies. *Id.* If a defendant has exhausted administrative remedies, the analysis is twofold. First, to grant relief, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *Id.*

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2018).

2

This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, including a defendant's serious medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1. A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

**III.   ANALYSIS**

McCarns makes two primary arguments in support of his renewed motion. Specifically, he argues he is in a catch-22: First, he explains he has not received the recommended COVID-19 booster vaccination, and thus faces an elevated risk of severe illness due to his underlying CKD diagnosis. Mot. at 11–12. Second, however, he argues that even if he were to receive the booster, new studies show individuals who receive the COVID-19 vaccination are exposed to increased risks of severe cardiac events regardless of any underlying health issues. *Id.* at 13–15. The government opposes. It argues that after McCarns' recent medical tests, he no longer requires CKD treatment and his kidney function is within the "normal range." Opp'n at 8; Sealed Medical Records at 10, 14, ECF No. 1095–1; *see also* Reply at 1–2. Thus, it also argues McCarns has no current condition that places him at an elevated risk if he were to contract COVID-19 and the BOP is adequately treating his existing conditions. Opp'n at 8–9. The government does not take a clear position regarding whether McCarns is still diagnosed with CKD. For the purposes of this motion, the court assumes without deciding McCarns is still diagnosed with CKD, even if in remission. Even so, McCarns has not shown extraordinary and compelling reasons warrant his release, as explained below.

Many federal district courts, including this court, have found defendants can demonstrate "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A)(i) if

they show (1) health conditions put them at increased risk of severe COVID-19 symptoms and (2) they are at risk of infection because their facility is currently suffering from a COVID-19 outbreak or is at risk of an outbreak. *See, e.g.*, *United States v. Terraciano*, 492 F. Supp. 3d 1082, 1085–86 (E.D. Cal. 2020). Recent or ongoing rises in the reported number of infections might make for a stronger showing of "extraordinary and compelling reasons," but spikes and outbreaks have not always been necessary to support motions under § 3582(c)(1)(A). *See id*. at 1086.

Risk of infection could be shown by demonstrating the facility where a defendant resides is currently suffering from a COVID-19 outbreak or is at risk of an outbreak, for example, because it is a congregate living facility in which inmates and staff cannot consistently maintain safe physical distances. *See, e.g.*, *id*. at 1085–86. The court's calculus shifts, however, if a defendant has been offered vaccination and is vaccinated against COVID-19. *United States v. Smith*, 538 F. Supp. 3d 990, 995–99 (E.D. Cal. May 11, 2021). If a defendant is vaccinated, as McCarns is, this court has employed a rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under 3582(c)(1)(A)(i). *Id.* at 999. A defendant can rebut this presumption by offering evidence of an elevated personal risk of severe harm despite the protections of vaccination. *Id.* at 998–99; *see also United States v. Peel*, No. 14-00192, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021). When defendants offer no evidence that vaccination will not protect them against severe harm from COVID-19 and do not show the facilities where they are currently incarcerated are experiencing a surge in infections caused by a variant, courts now deny motions for compassionate release more often than not. *See, e.g.*, *United States v. Andrade*, No. 17-00180, 2022 WL 172933, at *2 (E.D. Cal. Jan. 19, 2022); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Decano*, No. 21-10099, 2021 WL 4922348 (9th Cir. Oct. 21, 2021) (unpublished) (affirming denial of compassionate release to fully vaccinated defendant).

As the court discussed in its prior order, although individuals with CKD are at higher risk of severe illness if they contract COVID-19, this risk is mitigated once the individual is

vaccinated against COVID-19, as McCarns is.  Prior Order (Oct. 31, 2022) at 5–6.  McCarns argues that although he has received his primary vaccinations, he has not received his booster vaccination, as recommended by the Centers for Disease Control & Prevention (CDC), and as such he faces an elevated risk of serious health consequences if he contracts COVID-19.  Mot. at 11–12.  The CDC states an individual is fully vaccinated once they "complete[] a primary series" of the vaccine, but individuals are "up to date" on their vaccinations once they have "completed all vaccine doses recommended for [them]."  Ctrs. for Disease Control & Prevention, Vaccines, *Frequently Asked Questions about COVID-19 Vaccination* (last visited May 25, 2023) [hereinafter CDC FAQ].[2]

  While McCarns has received his primary dose, he had not received any booster shots at the time of his filings with the court. The CDC states individuals who are up to date on their booster doses will attain greater protection from COVID-19 and its variants.  CDC FAQ. However, there is no evidence of record supporting the conclusion the BOP has declined to give McCarns a booster dose, and it is unclear from the briefing whether McCarns would even accept a booster dose because he argues there are serious health risks associated with the shot.  Mot. at 13–14.  If he would decline a booster, as noted above, that would weigh against him on this motion.  *Cf. United States v. Thomas*, 14-00228, 2021 WL 1813192, at *1 (E.D. Cal. May 6, 2021) ("In cases where an inmate cites the risk of contracting COVID-19 as a basis for relief but refuses to receive a vaccine, courts across the country 'have nearly uniformly denied compassionate release'") (internal citations omitted).

  Any suggestion that McCarns would be acting reasonably in declining a booster also is unsupported by the record on his current motion.  All McCarns points to is a February 15, 2023 "health alert" issued by Florida's Department of Health in which the state warns residents there had been a "substantial increase in Vaccine Adverse Event Reporting System (VAERS) reports" after the vaccination rollout in that state.  Fla. Health, *State Surgeon General Dr. Joseph A.*

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html

*Ladapo Issues New Mrna COVID-19 Vaccine Guidance* (Oct. 7, 2022).[3] As noted above, McCarns suggests these data, as well as data from other studies, indicate vaccinations might be linked to a higher risk of cardiac events. Mot. at 14. Thus, McCarns claims "further vaccination may increase health risks to his heart." *Id.* at 15.

The court finds this argument unpersuasive on multiple grounds. First, even after issuing this alert and pointing to a handful of new studies, the Florida health department has not advised individuals to avoid vaccinations; it merely advocates for "additional assessments and research regarding safety of all MRNA COVID-19 vaccines." Fla. Health. Second, the CDC has opined VAERS reporting alone "cannot determine if the reported adverse event was caused by a COVID-19 vaccination," and "COVID-19 vaccines are safe [and] effective." Ctrs. for Disease Control & Prevention, *Myths and Facts about COVID-19 Vaccines: Bust Common Myths and Learn the Facts* (last visited May 25, 2023).[4] Third, McCarns has not provided any evidence about his own medical conditions to support a conclusion he faces a higher risk of cardiac event or serious illness than the rest of the population if he were to receive a booster. *See generally* Mot.

Additionally, McCarns has not shown any variant currently has taken hold in the facility where he is housed, FCI Lompoc,[5] and has not pointed to any evidence showing he faces an elevated risk of severe illness despite his vaccination status. *See generally* Mot. Thus, McCarns

---

[3] https://www.floridahealth.gov/newsroom/2022/10/20220512-guidance-mrna-covid19-vaccine.pr.html.

[4] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/facts.html.

[5] Federal Bureau of Prisons, *BOP COVID-19* Statistics, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited June 27, 2023). The court takes judicial notice that as of June 27, 2023, the BOP has reported the following data on COVID-19 cases at Lompoc FCI: 0 confirmed positive test result and 3 inmate deaths. Lompoc FCI is also operating at a Level 1 BOP COVID-19 Operational Level, *id.*, meaning the medical isolation rate at the facility is less than 2 percent and the community transmission rate is less than "100 per 100,000 over the last 7 days," Federal Bureau of Prisons, *COVID-19 Modified Operations Plan & Matrix*, BOP, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited May 26, 2023).

has not carried his burden to show his health conditions and risk of infection provide extraordinary and compelling circumstances to grant compassionate release.

Lastly, the court briefly addresses McCarns' concern in reply that the BOP has stopped treating him for CKD. Reply at 2. McCarns has not shown his medical condition, and the BOP's lack of treatment, has "substantially diminish[ed] the ability of [McCarns] to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1. Because McCarns did not raise any concerns about the lack of treatment for CKD in his initial motion, and because nothing before the court suggests the need for granting the government the opportunity to file a surreply, the court does not reach this argument, which also is unsupported by evidence. *See generally* Mot; *see also State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir.1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs." (citations omitted)).

Because extraordinary and compelling reasons do not justify relief under § 3582(c)(1)(A), the court does not reach the sentencing factors in § 3553(a).

**IV.    CONCLUSION**

For the reasons above, the motion is **denied**.

This order resolves ECF No. 1083.

IT IS SO ORDERED.

DATED: August 23, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE