UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-cr-00116-KJM |
| Plaintiff, | ORDER |
| v. | |
| Domonic McCarns, | |
| Defendant. | |

On January 17, 2020, defendant Domonic McCarns moving pro se, filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Following multiple extensions and previous orders to show cause, on January 2, 2025, the court issued an order to show cause why the motion should not be dismissed for failure to prosecute. The deadline passed and defendant has not filed a response or requested an extension of time. The court, therefore, **dismisses the motion without prejudice** for failure to prosecute.

**I.   BACKGROUND**

As explained in multiple previous orders, defendant moved to vacate his sentence under § 2255 but did not file a supporting memorandum. Mot., ECF No. 930; *see* Order (Jan. 2, 2025), ECF No. 1146. On the same day, defendant sought an extension of time to file a memorandum. *See* Extension Req. (Jan. 17, 2020), ECF No. 932. The court granted the request. *See* Min. Order (Feb. 2, 2020), ECF No. 38. Defendant subsequently sought additional extensions of time to file

1

a memorandum in support of his § 2255 motion and the court granted those as well. *See* Extension Req., ECF No. 940 (May 14, 2020); Min. Order (May 21, 2020), ECF No. 942; Extension Req. (Dec. 21, 2020), ECF No. 957. On January 30, 2024, the court granted defendant another extension and warned him that his supporting memorandum "MUST" be filed within 120 days of the order. *See* Extension Req. (Jan. 25, 2024), ECF No. 1117; Min. Order (Jan. 30, 2024), ECF No. 1118. That deadline passed but defendant did not file a memorandum. The court then ordered defendant to show cause why it should not construe his motion as submitted without a supporting memorandum and served the order by mail, which was returned as undeliverable. Order (Oct. 4, 2024), ECF No. 1139. The court then twice ordered defendant to show cause why the motion should not be denied for failure to prosecute and reminded defendant of his responsibility to keep the court and opposing party apprised of his current mailing address. *See* Order (Nov. 6, 2024), ECF No. 1140; Order (Jan. 2, 2025). Both orders were returned as undeliverable. The deadlines to show cause passed and defendant has not filed a response or requested an extension of time to file a supporting memorandum.

**II.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 41(b) district courts may sua sponte dismiss actions for failure to prosecute or to comply with court orders. *See, e.g.*, *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). When dismissing a motion for failure to prosecute, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "Although Rule 41(b) dismissal is a drastic measure," such a measure may be "appropriate in the face of . . . complete non-cooperation." *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1525 (9th Cir. 1990).

**III.    ANALYSIS**

Beginning with the first factor, the court finds the public's interest in expeditious resolution of litigation weighs in favor of dismissal. Defendant filed his motion to vacate over

five years ago, in January 2020. Mindful of the burdens on incarcerated and pro se litigants, the court granted defendant extensions to file his supporting memorandum. Since then, defendant repeatedly missed deadlines and eventually became unreachable. The public's interest in expeditious litigation cuts against defendant and in favor of dismissal.

For the same reasons explained in the preceding paragraph, the second factor also weighs in favor of dismissal. *See Majeed v. Warden*, No. 18-10509, 2019 WL 1714188, at *3 (C.D. Cal. Feb. 13, 2019), *report and recommendation adopted*, No. 18-10509, 2019 WL 1676013 (C.D. Cal. Apr. 16, 2019) (considering the first two factors—public interest in expeditious resolution and the court's need to manage its docket—together). The continued failure to prosecute and follow court orders prohibits the court from moving this case forward. The court's continued devotion of resources to the matter when defendant appears to have abandoned the motion interferes with "docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal citations and quotations omitted).

The third factor, the risk of prejudice to respondent, again favors dismissal. Courts have found this factor weighs against respondents when the moving party's actions "threaten to interfere with the rightful decision in the case." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227–28 (9th Cir. 2006). The law also presumes prejudice from unreasonable delay. *See id.* (collecting cases). The undue delay in filing a supporting memorandum, therefore, has prejudiced the government and cuts in favor of dismissal.

The fourth factor, the public policy in favor of deciding cases on the merits, "always weighs against dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). But the public policy interest coexists with the moving party's responsibility to move towards disposition "at a reasonable pace." *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). While the factor cuts against dismissal, it does not inherently outweigh the other factors.

Finally, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal. The court previously considered and pursued less drastic options. Defendant was granted extensions and repeatedly warned that failure to comply with court orders could result in dismissal. After five years of repeated warnings, no less drastic options exist. *See W. Coast*

1  *Theater Corp.*, 897 F.2d at 1525 (considering the district court's explicit warnings to a party in
2  affirming a dismissal for failure to prosecute).

3  Together the five factors weigh heavily in favor of dismissal. "While the public policy
4  favoring disposition of cases on their merits weighs against [dismissal], that single factor is not
5  enough to preclude imposition of this sanction when the other four factors weigh in its favor."
6  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). Consistent with Rule
7  41(b) and this court's exercise of discretion, the matter is dismissed without prejudice. *See*
8  *Kendall v. Birkholtz*, No. 22-07300, 2023 WL 2917442 at *3 (C.D. Cal. Apr. 6, 2023).

9      **A.**    **Certificate of Appealability**

10  Pursuant to Rule 11(a) of the Federal Rules Governing § 2255 proceedings, the court has
11  considered whether to issue a certificate of appealability. Before petitioner can appeal this
12  decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).
13  Where the petition is denied on the merits, a certificate of appealability may issue "only if the
14  applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
15  § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues
16  satisfy the required showing or must state the reasons why such a certificate should not issue. *See*
17  Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of
18  appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it
19  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
20  reason would find it debatable whether the petition states a valid claim of the denial of a
21  constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v.*
22  *McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

23  For the reasons set forth above, the court finds that issuance of a certificate of
24  appealability is not warranted in this case. Even if defendant could have made a showing that he
25  was deprived of a constitutional right under § 2255, his repeated noncompliance with court orders
26  shows an unwillingness to prosecute his case under the controlling procedural rules. No
27  reasonable jurist could disagree. A certificate of appealability is not warranted.

**IV.   CONCLUSION**

Defendant's motion to vacate is **dismissed** without prejudice for failure to prosecute.

This order resolves ECF No. 930.

IT IS SO ORDERED.

DATED: February 4, 2025.

_____
UNITED STATES DISTRICT JUDGE